**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**KATHLEEN PASSANTE,**

          **Plaintiff,**          1:10-cv-087
                                                              (GLS\DRH)

        v.

**NEW YORK STATE NURSES
ASSOCIATION,**

          **Defendant.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFF:** | |
| Halsband Law Offices | DAVID S. HALSBAND, ESQ. |
| 39 Hudson Street, 4th Floor | |
| Hackensack, NJ 07601 | |
| | |
| **FOR THE DEFENDANT:** | |
| Spivak, Lipton Law Firm | GILLIAN COSTELLO, ESQ. |
| 1700 Broadway, Suite 2100 | |
| New York, NY 10019 | |

**Gary L. Sharpe
District Court Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff Kathleen Passante commenced this action in New York State

Supreme Court, Ulster County, against defendant New York State Nurses Association (NYSNA), seeking to recover damages for NYSNA's breach of the duty of fair representation.  (*See* Compl., Dkt. No. 1:1.)  The action, which was initially commenced on December 18, 2009, was subsequently removed to the United States District Court for the Northern District of New York on January 25, 2010, based on 28 U.S.C. § 1337(a) jurisdiction.  (*See* Notice of Removal ¶ 5, Dkt. No. 1.)  Pending are NYSNA's motion to dismiss and Passante's motion to amend her complaint.  For the reasons that follow, Passante's motion to amend is granted and NYSNA's motion to dismiss is denied.

## II.  Standard of Review

Rule 15(a) provides that where a party seeks to amend his pleading before trial, "[t]he court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2).  "A motion to amend should be denied only for such reasons as undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party." *Richardson Greenshields Sec., Inc. v. Lau*, 825 F.2d 647, 653 n.6 (2d Cir. 1987) (internal quotation marks and citation omitted).

"An amendment to a pleading will be futile if a proposed claim could

2

not withstand a motion to dismiss pursuant to Rule 12(b)(6)." *Dougherty v. Town of N. Hempstead*, 282 F.3d 83, 88 (2d Cir. 2002) (citation omitted). Accordingly, where the plaintiff submits a proposed amended complaint, "the district judge may review that pleading for adequacy and need not allow its filing if it does not state a claim upon which relief can be granted." *Ricciuti v. N.Y. City Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991). However, the court "should not deny leave to file a proposed amended complaint ... unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief ...." *Id.* (internal quotation marks and citation omitted).

Rule 12(b)(6) provides that a cause of action shall be dismissed if a complaint fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In ruling on a Rule 12(b)(6) motion, the court's task is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *AmBase Corp. v. City Investing Co. Liquidating Trust*, 326 F.3d 63, 72 (2d Cir. 2003) (internal quotation marks and citation omitted). Therefore, in reviewing a motion to dismiss, a court "must accept the facts alleged in the complaint as true and construe all reasonable inferences in [the plaintiff's] favor."

3

*Fowlkes v. Adamec*, 432 F.3d 90, 95 (2d Cir. 2005) (citation omitted).

"To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks and citations omitted). Rather, the claim must be "plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1949 (2009) (citation omitted). Thus, the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," *id.*, but "does not impose a probability requirement," *Twombly*, 550 U.S. at 556.

### III. Discussion

A union, as the exclusive bargaining representative of all employees in the bargaining unit, is statutorily obligated "to serve the interests of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct." *Vaca v. Sipes*, 386 U.S. 171, 177 (1967) (citation omitted). "A union breaches its duty of fair representation if its actions can fairly be characterized as so far outside a wide range of reasonableness that they are wholly arbitrary, discriminatory, or in bad faith." *Spellacy v. Airline Pilots Ass'n-Int'l*, 156 F.3d 120, 126 (2d Cir. 1998) (internal quotation marks and citations omitted). This duty, which "extends to both the negotiation of a collective bargaining agreement, and its enforcement and administration," *id.* at 126 (citations omitted), stands "as a bulwark to prevent arbitrary union conduct against individuals stripped of traditional forms of redress by the provisions of federal labor law," *Vaca*, 386 U.S. at 182. Nonetheless, while a court's supervision of union action is vital, its review of such action "must be highly deferential, recognizing the wide latitude that [unions] need for the effective performance of their bargaining responsibilities." *Line Pilots Ass'n, Int'l v. O'Neill*, 499 U.S. 65, 78 (1991) (citation omitted).

5

To establish a claim for breach of the duty of fair representation, a plaintiff must satisfy two elements. First, the plaintiff must demonstrate that the "union's conduct toward [her as] a member of the collective bargaining unit [was] arbitrary, discriminatory, or in bad faith." *Vaca*, 386 U.S. at 190 (citation omitted). Second, the plaintiff must show that the union's conduct in processing and handling the grievance "seriously undermined the arbitral process." *Barr v. United Parcel Serv., Inc.*, 868 F.2d 36, 43 (2d Cir. 1989) (internal quotation marks and citation omitted). In making this showing, the plaintiff must demonstrate "a causal connection between the union's wrongful conduct and [the plaintiff's] injuries." *White v. White Rose Food*, 237 F.3d 174, 179 (2d Cir. 2001) (internal quotation marks and citation omitted).

Arbitrary conduct includes both intentional conduct and "acts of omission which, while not calculated to harm union members, may be so egregious, so far short of minimum standards of fairness to the employee and so unrelated to legitimate union interests as to be arbitrary." *NLRB v. Local 282, Int'l Bhd. of Teamsters*, 740 F.2d 141, 147 (2d Cir. 1984) (internal quotation marks and citations omitted). For instance, "a union may not arbitrarily ignore a meritorious grievance or process it in

6

perfunctory fashion."  *Vaca*, 386 U.S. at 191; *see also Caputo v. Nat'l Ass'n of Letter Carriers*, 730 F. Supp. 1221, 1229 (E.D.N.Y. 1990) ("[T]he failure to act does make out a claim ... because it is not the result of an error of judgment, given that it was not the result of a deliberative process, but rather an omission which is properly characterized as arbitrary."); *Moore v. Roadway Express, Inc.*, No. 07-CV-977, 2008 WL 819049, at *4-5 (E.D.N.Y. Mar. 25, 2008) (denying motion to dismiss where plaintiff alleged that the union failed to respond to and conduct any investigation into his complaints).  Thus, a union has a "duty to perform some minimal investigation ... [and] must exercise special care in handling a grievance which concerns a discharge."  *Evangelista v. Inlandboatmen's Union of Pac.*, 777 F.2d 1390, 1395 (9th Cir. 1985).  However, "[t]actical errors are insufficient to show a breach of the duty of fair representation; even negligence on the union's part does not give rise to a breach."  *Barr*, 868 F.2d at 43.  In other words, "courts cannot intercede on behalf of employees who may be prejudiced by rationally founded decisions which operate to their particular disadvantage."  *Id.* (internal quotation marks and citations omitted).

In her proposed amended complaint, Passante alleges that she

7

began her employment with Vassar Brothers Medical Center as a registered nurse in 1996, but was terminated in 2009.  (*See* Proposed Am. Compl. ¶¶ 8-9, Dkt. No. 6:7.)  According to Passante, this termination violated New York State Human Rights Law[1] and the Americans with Disabilities Act[2] because Vassar, among other things, refused to provide her with reasonable accommodations.  (*See id.* at ¶¶ 12-17, 19.)  Passante further alleges that prior to her termination, she notified NYSNA of her matter and requested that a grievance be filed to prevent her termination. (*See id.* at ¶¶ 11, 18.)  While Passante admits that NYSNA did file a grievance on her behalf, she contends that NYSNA failed to notify her of the Step 1 and Step 2 grievance hearings, failed to conduct an appropriate investigation of her claims, and failed to offer any evidence at the hearings to show that Vassar violated its policies, the collective bargaining agreement, and federal and state law.  (*See id.* at ¶¶ 22, 31, 32, 38.) Passante claims that these failures demonstrate that NYSNA breached its duty of fair representation by acting arbitrarily, discriminatorily, or in bad faith.  (*See id.* at ¶¶ 34, 38, 41.)  Lastly, Passante submits that her

---

[1] N.Y. EXEC. LAW § 290, *et seq.*

[2] 42 U.S.C. § 12101, *et seq.*

8

grievances were denied as a result of her failure to appear for the grievance hearings—which she alleges resulted from NYSNA's failure to notify her of the hearings—and NYSNA's failure to put on evidence in support of her claims—which she alleges stemmed from its failure to investigate her claim.[3]  (*See id.* at ¶¶ 23-26, 28-34.)

In light of these proposed amendments, Passante has adequately alleged a claim against NYSNA for breach of its duty of fair representation. In essence, she alleges that her grievance had merit, that NYSNA was aware of the basis of her grievance, and that, most importantly, NYSNA acted in an arbitrary manner in investigating and presenting Passante's grievance, and that such a failure causally undermined the grievance and arbitral process.  While NYSNA cites a bounty of cases demonstrating that a union's decision to do or not do something on behalf of a bargaining unit member is not generally actionable, its arguments fail to account for the

---

[3]The court is limiting its review to the four corners of Passante's proposed amended complaint.  An argument could be made that the amended complaint relies upon the terms and effect of the June 17, 2009 letter sent by Jeff McDonough, Vassar Assistant Vice President of Human Resources, to Passante's labor representative, Deborah Pierce, (*see* Dkt. No. 6:5), and that the letter is therefore integral to the complaint.  *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002).  Nonetheless, in light of NYSNA's concerns about the appropriateness of Passante and the court's reliance on the letter, (*see* Def. Reply Mem. of Law at 1-2 & n.1, Dkt. No. 7), and because Passante's allegations in and of themselves are sufficient to rebuff NYSNA's motion, the court will disregard the June 17, 2009 letter for present purposes.

merits of Passante's alleged grievance, the severity of the consequences, and the totality of Passante's allegations regarding NYSNA's conduct in advancing her grievance. It is enough at this juncture that NYSNA allegedly failed to meet the minimum requirements in handling Passante's grievance and that such a failure was not a tactical decision but rather an arbitrary omission—an omission that may have involved either no decision at all or a decision made in reckless disregard of Passante's rights. Thus, accepting the facts as alleged in the amended complaint as true, and construing all reasonable inferences in Passante's favor, the court finds that her claim as to NYSNA's liability is facially plausible and therefore sufficient at this preliminary juncture.

Accordingly, having reviewed and evaluated Passante's amended complaint, and because NYSNA has failed to make a sufficient showing of futility, the court grants Passante's motion to amend her complaint. *See* FED. R. CIV. P. 15(a)(2); *see also Richardson Greenshields Sec., Inc.*, 825 F.2d at 653 n.6. Consequently, the court denies NYSNA's motion to dismiss. *See Illiano v. Mineola Union Free Sch. Dist.*, 585 F. Supp.2d 341, 349 (E.D.N.Y. 2008) ("When a plaintiff amends its complaint while a motion to dismiss is pending the court may ... consider the merits of the motion in

light of the amended complaint.") (internal quotation marks and citation omitted).

### IV. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Passante's motion to amend (Dkt. No. 7) is **GRANTED**; and it is further

**ORDERED** that NYSNA's motion to dismiss (Dkt. No. 4) is **DENIED**; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

June 11, 2010
Albany, New York

_____
Gary L. Sharpe
United States District Court Judge